IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI M. KLINE,                    :
*as personal representative*        :
*of the estate of Gary R.*          :
*Kline*,
    Plaintiff,
                                     :
vs.                                  :          CIVIL ACTION 14-03-CG-M
                                     :
Carla Logan,                         :
*a/k/a Carla Greene*,                :
*et al.*,                            :
    Defendants.

REPORT AND RECOMMENDATION

Defendant Landmark American Insurance Company's Notice
of Removal (Doc. 26) and Plaintiff's Motion to Remand (Doc.
29),[1] have been referred for report and recommendation under
28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity
jurisdiction has been invoked in this Court under 28 U.S.C.
§ 1332.  After consideration, it is recommended that
Plaintiff's Motion to Remand be granted.

I.   Facts and Proceedings

---

[1] With its original Notice of Removal, (Doc. 1),
Defendant filed some 2,298 pages of state court records
which were not paginated in any fashion.  As a result,
Defendant failed to properly cite to any documents located
in the state court records, thereby frustrating the Court's
effort to locate any supporting documents for claims stated
in Defendant's Notice of Removal.  On February 14, 2014,
the Court ordered the parties to supplement their filings
with proper pinpoint citations, which the parties did.
(*See* Docs. 26, 27, 29).  The supplemental filings are
substantively the same as their original filings and will
be referenced throughout this Report and Recommendation.

The facts of this case are circumstantial to the untimely death of Mr. Gary R. Kline. Mr. Kline and Defendant Carla Greene (hereinafter "Defendant Greene"), were part owners of and employed by Certified Adjusting Group (hereinafter "CAG"), when Mr. Kline was killed by a gunshot wound to the head in front of Defendant Greene and with Greene's newly purchased gun, over which the two appeared to be having a scuffle when the gun was discharged. Plaintiff Brandi M. Kline is the personal representative of Gary R. Kline's estate and sues on its behalf in the action arising out of his death. Defendants Greene and CAG were named as Defendants in Plaintiff's original Complaint in that same action. Defendant Landmark American Insurance Company (hereinafter "Landmark") is the surplus lines insurance carrier which issued an insurance policy to CAG, prior to Mr. Kline's death, on which Plaintiff sues Landmark in her garnishment and collection action. (Doc. 13 at 3).

On February 22, 2013, Plaintiff filed her original Complaint in the Circuit Court of Mobile County, Alabama, against Defendant Greene, and CAG[2] alleging causes of action for wrongful death, negligence and wantonness. (Doc. 1-1

---

[2] CAG is now a defunct corporation which plays no part in this action other than having the aforementioned insurance policy with Defendant Landmark.

at 53-56). In the original complaint, Defendant Greene was named as "a resident of Mobile County, Alabama," and was served as such on March 14, 2013, via attorney, Joe "Buzz" Jordan, at 111 Dauphin Street, Mobile, AL, 36604. (*Id.* at 93). On March 27, 2013, Defendant Greene submitted her answer and seventy-four affirmative defenses, none of which raised the defense of improper service or lack of personal jurisdiction. (*Id.* at 94). Defendant Greene engaged in extensive discovery with Plaintiff in the state court action for almost one year before Defendant Landmark removed the action to this Court. On September 3, 2013, a default judgment against CAG was entered in the amount of $2,000,000.00. (Doc. 2-2 at 173).

On November 13, 2013, Plaintiff filed her First Amended Complaint maintaining her original tort claims against Defendants Greene and CAG, and added a "garnishment and collection" claim under Ala. Code § 27-23-2 against Defendant Landmark for the "insurance money owed under the Landmark policy number LBA177508 to satisfy the $2,000,000.00 judgment rendered against CAG, plus interest, costs and other expenses or damages which are allowed and recoverable under Alabama law." (Doc. 2-2 at 174).

On January 9, 2014, Defendant Landmark removed the action to this Court based on diversity jurisdiction.

(Doc. 26).  Defendant Landmark's Notice of Removal contends
that, regarding the garnishment claim, diversity
jurisdiction exists because Landmark, an Oklahoma/Georgia
insurer (Doc. 26 at 4), and Plaintiff Brandi Kline, an
Alabama citizen as legal representative of the estate of
Gary Kline, are completely diverse from each other.  (*See*
Doc. 26 generally).  Landmark further contends that the
remaining non-diverse Defendants' citizenships should not
be considered in establishing diversity because the tort
claims alleged against them are misjoined with the
otherwise diverse garnishment claim.  As such, Defendant
Landmark requests the Court to exercise diversity
jurisdiction over the future proceedings in the garnishment
action. (*Id.*). After Defendant Landmark filed for removal,
Defendant Greene filed her Notice of Consent to Removal and
affidavit attesting that she is "a resident of a state
other than Alabama, presently residing at 213 Pebble Branch
Drive, Chapin, South Carolina 29036-7359."  (Doc. 16 at 1-
3).

Plaintiff timely filed her Motion to Remand contending
that 1) Landmark's Notice of Removal was untimely under 28
U.S.C. § 1446(b)(1); and 2) that, by lacking the timely
consent from its co-defendants, Landmark failed to meet the

unanimity requirement set out in § 1446(b)(2)(A). (Doc. 29 at 4).

The Motion to Remand was fully briefed by the parties; however, the Court will not address the merit of the issues raised in those briefings due to the Court's threshold finding that it lacks diversity jurisdiction.[3]

## II. DISCUSSION

### a. Diversity Jurisdiction and Misjoinder

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996)(citing 28 U.S.C. § 1441(a)) *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000); *accord City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 n. 1 (11th Cir. 2012). A federal court may exercise diversity jurisdiction over all civil

---

[3] Subsequently to filing her Motion to Remand, Plaintiff filed a Motion to Strike Defendant Greene's Consent to Removal (Doc. 17). Defendant Landmark responded to that Motion (Doc. 18), and filed a Motion to Sever requesting the non-diverse tort claims be severed and remanded to state court. (Doc. 28). The Motion to Sever was fully briefed by both parties with a request by Landmark, and an opposition thereto by Plaintiff, to file a sur-reply thereon. Because the Court does not find that diversity jurisdiction exists, the merit of these motions will not be addressed and are thusly rendered MOOT by this Report and Recommendation.

actions where the amount in controversy exceeds $75,000,
exclusive of interest and costs, and the action is between
citizens of different states.  28 U.S.C. § 1332(a)(1).
Nevertheless, "[b]ecause removal jurisdiction raises
significant federalism concerns, federal courts are
directed to construe removal statutes strictly. . . .
Indeed, all doubts about jurisdiction should be resolved in
favor of remand to state court."  *Univ. of S. Ala. v. Am.
Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

This Court's analysis must begin with the threshold
question of whether diversity jurisdiction exists.
Therefore, Defendant Landmark must establish the propriety
of removal under section 1441 and, for that reason, "bears
the burden of establishing the existence of federal
jurisdiction[,] . . . which requires that [Landmark] both
establish complete diversity- that all plaintiffs are
diverse from all defendants, . . . and also show that the
amount in controversy more likely than not exceeds the
$75,000 jurisdictional requirement." *Headwaters, LLC ex
rel. Head v. Dawes Lake, LLC,* 2013 WL 4519198 (S.D.Ala.
Aug. 26, 2013)(citations omitted).

There is no dispute that this petition for removal
arises out of a $2,000,000.00 default judgment against CAG,
thereby satisfying the jurisdictional minimum of

$75,000.00.  The sole task remaining for the Court is to determine whether diversity of citizenship exists between the parties.  To do so, we must first determine citizenship of the parties and whether the non-diverse "tort" defendants were misjoined with the diverse "garnishment" defendant.  For the reasons below, the Court finds that diversity of citizenship between the parties does not exist because Defendant Landmark has failed to meet its burden on proving that the non-diverse tort defendants were misjoined with the garnishment claim as to destroy diversity jurisdiction.

A removing defendant can establish complete diversity of citizenship by proving that the non-diverse defendant, purportedly a resident of the same state as the plaintiff, has been fraudulently joined in an effort by plaintiff to defeat jurisdiction.  *Headwaters,* 2013 WL 4519198, at *2 (citing *Tapscott,* 77 F.3d at 1359)("an action may nevertheless be removable if the joinder of non-diverse parties is fraudulent")(citations omitted).  A removing defendant's burden in this regard is a "heavy one."  *Id.* (*citing Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.)).  A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate at least one of three scenarios: "(1) that there is no possibility

the plaintiff can establish a cause of action against the
non-diverse or resident defendant; or (2) the plaintiff has
fraudulently pled jurisdictional facts to bring the
resident defendant into state court," *id.* (*citing Crowe v.
Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997)), or (3) that
the claims are procedurally misjoined, sometimes referred
to as procedural misjoinder. *Headwaters,* 2013 WL 4519198,
at *3 (*citing Tapscott* at 1360)(holding "misjoinder may be
just as fraudulent as the joinder of a resident defendant
against whom a plaintiff has no possibility of a cause of
action"). However, "not every misjoinder amounts to
fraudulent joinder; rather, only in egregious circumstances
does misjoinder constitute fraudulent joinder." *Id.*

Without defining egregious misjoinder as opposed to
mere misjoinder, district courts struggled to subsequently
apply the terms as they were raised in later cases.
Therefore, the Eleventh Circuit provided a framework under
which to analyze *Tapscott* fraudulent misjoinder. *See
Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284 (11th Cir.
1996).

In *Triggs,* the Eleventh Circuit looks to permissive
joinder under Rule 20 of the Federal Rules of Civil
Procedure, which specifically states that defendants may be
joined in one action if "any right to relief is asserted

against them jointly, severally, or in the alternative with
respect to or arising out of the same transaction,
occurrence or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants
will arise in the action." The *Triggs* Court interpreted
Rule 20(a)(2) to mean that "[a] plaintiff or defendant need
not be interested in obtaining or defending against all the
relief demanded. Judgment may be given for one or more of
the plaintiffs according to their respective rights to
relief, and against one or more defendants according to
their respective liabilities." *Triggs,* 154 F.3d at 1288.
The *Triggs* Court thereby concluded that where Rule 20 was
satisfied regarding joinder of claims, then *Tapscott*
fraudulent joinder does not exist. *See Bollea v. Clem,* 937
F.Supp.2d 1344 (M.D.Fla. Mar. 28, 2013)(if plaintiff's
joinder of defendants satisfies permissive joinder under
Rule 20(a)(2), the parties are not fraudulently misjoined,
thereby allowing defendants to be joined if "any right to
relief is asserted against them jointly, severally, or in
the alternative with respect to or arising out of the same
transaction, occurrence, or series of transactions or
occurrences").

To determine whether claims arise from the same series
of transactions or occurrences, the Eleventh Circuit

instructs courts to use the "logical relationship" test. *Headwaters,* 2013 WL 4519198, at *3(*citing Smith v. Trans-Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 (M.D.Fla. 2010)(citation omitted). "[A] logical relationship exists if the claims rest on the same set of facts or the facts on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (*citing Republic Health Corp. v. Lifemark Hosps. of Fla.,* 755 F.2d 1453, 1455 (11th Cir. 1985)("there is a logical relationship when the same operative facts serve as the basis for both claims")(quotation marks omitted). "The logical relationship standard is a "loose" one that "permits a broad realistic interpretation in the interest of avoiding multiplicity of suits." *Id.* (*citing Plant v. Blazer Fin. Servs., Inc. of Ga.,* 598 F.2d 1357, 1361 (5th Cir. 1979)(quotation marks omitted). "Joinder rules, including Rule 20(a)(2), are construed generously towards 'entertaining the broadest possible scope of action consistent with fairness of the parties.'" *Id.* (*citing United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966). "Under Alabama law, courts must consider each case individually to determine whether claims are logically related, therefore allowing 'all reasonably related claims for relief by or against different parties to be tried in a

single proceeding.'" *Colson v. Joe E. Heating & Air Conditioning, Inc.,* 2012 WL 6186176, at *3 (N.D.Ala. Dec. 10, 2012)(citation omitted).

Evaluating Plaintiff's Complaint and First Amended Complaint and Defendant Landmark's Notice of Removal in the light most favorable to Plaintiff and resolving doubts about jurisdiction in favor of remand, the Court concludes that Defendant Landmark has failed to show, by clear and convincing evidence, that the claims against the non-diverse co-defendants were fraudulently joined with the garnishment claim.  Defendant merely alleges in its Notice of Removal that the tort claims are misjoined, but does not supply any additional explanation or factual support to back up its contention.

Applying the logical relationship test, the Court is of the opinion that the claims do arise out of the same occurrence and, as stated in *Triggs,* Plaintiff's obtaining the default judgment against CAG in state court wholly activated her legal right to sue Landmark with a garnishment action to collect on that judgment.  The Court finds that the tort claims are logically related to the garnishment claim and therefore, Defendants Greene and CAG have not been fraudulently joined to destroy diversity jurisdiction as set out in *Tapscott*.  Without fraudulent

joinder at play, the Court must now consider Defendant Greene's citizenship for purposes of determining diversity jurisdiction.

## b.  Citizenship

As to Defendant Greene's citizenship, Plaintiff alleges in both the original Complaint and the First Amended Complaint that Defendant Greene is a "resident of Mobile County, Alabama."  (Docs. 1-1, 2-2 at 53**, 170-175).  However, upon Landmark's Removal, Defendant Greene submitted her Consent to Removal with an affidavit attesting that she, at the time of *removal,* was a resident of South Carolina.  (Doc. 16 at 3).

It is well-settled that the Court limits its inquiry into jurisdiction upon removal to the plaintiff's pleadings as they existed at the time of removal, as well as the defendant's request for removal, although subsequent evidentiary filings may nonetheless be considered if they are relevant to that time period.  *See Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)("[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time")(citation omitted); *see also Stevens v. Nichols,* 130 U.S. 230, 231 (1889)("The case was not removable from the

state court, unless . . . at the commencement of the action, as well as when the removal was asked, [the defendants] were citizens of some other State than the one of which the plaintiff was, at those respective dates, a citizen.").

Defendant Greene's affidavit addresses her residency at the time of *removal*, rather than the time the action was *commenced* against her, thereby making her attestations outside the time period relevant to a removal inquiry. Thus, the Court will not consider her affidavit for purposes of determining her citizenship. Instead, it will look to her citizenship at the time the action was commenced in determining whether removal is proper.

For purposes of diversity, citizenship depends on domicile, not residence. *Randall v. Target Corp.,* 2013 WL 3448116, at *3 (S.D.Fla. July 9, 2013)(*citing Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). "Thus, 'a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [establishing] jurisdiction.'" *Id.* (*citing Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905); *see also Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)("citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person");

*McCormick v. Aderholt,* 295 F.3d 1254, 1258 (11th Cir. 2002)("a change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely")(citations and quotation marks omitted).

Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. *Nelson v. Tozzi,* 2014 WL 1245882, at *3 (M.D.Ala. March 24, 2013)(*citing* Ala. R. Civ. P. 4.2(b); *Sieber v. Campbell,* 810 So.2d 641, 644 (Ala. 2001)). Service of process is a jurisdictional requirement, which, once a nonresident defendant is served, he or she may object to the court's jurisdiction over them. *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990). Objections to service of process, however, like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought. *Id.* (citations omitted). Failure to object within the appointed thirty days under Alabama Rules of Civil Procedure will result in a waiver of that objection. *Dothard v. Belser,* 324 So.2d 284, 285 (Ala.Civ.App. 1975). A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have

conferred personal jurisdiction on the court by consent.
*Pardazi,* 896 F.2d at 1317 (citation omitted).

When the original Complaint was filed, Defendant
Greene was named as an Alabama resident and served in
Mobile County, Alabama via attorney, Joe Carl "Buzz" Jordan
at 111 Dauphin Street, Mobile, Alabama, 36604.  Once
served, Defendant Greene filed her Answer and seventy-four
affirmative defenses, none of which raised the defense of
lack of service or lack of personal jurisdiction.  (Doc. 1-
1 at 94-116).  Defendant Greene then proceeded to engage in
extensive discovery and litigation in state court, which
the Court finds operated to confer personal jurisdiction
upon her- even if she was actually a South Carolina citizen
at that time.

Because Defendant Greene failed to timely object to
personal jurisdiction when the original Complaint was
filed, and thereby consented to Alabama state court
personal jurisdiction, this Court concludes that Defendant
Greene waived any opportunity to change her citizenship for
purposes of this action.  *See Simmons v. Skyway of Ocala,*
592 F.Supp. 356, 361 (S.D.Ga. July 2, 1984)(when a party
has not effectively changed his domicile, his former
domicile remains the legally controlling one thus
destroying diversity jurisdiction); *Ex parte Weissinger,* 22

So.2d 510, 514 (Ala. 1945)(One who asserts a change of domicile has the burden of establishing it and where facts are conflicting, the presumption is strongly in favor of an original, or former, domicile, as against an acquired one).

Moreover, the Court concludes that a non-diverse defendant litigating a state court claim in state court may not change citizenship mid-litigation to gain diversity of citizenship and thereby gain diversity jurisdiction. *See also Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 574-75 (2004)("To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that '[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit. . . .' Unless the Court is to manufacture a brand-new exception to the time-of-filing rule, . . . allowing a citizenship change to cure the jurisdictional defect that existed at the time of filing would contravene the principle articulated by Chief Justice Marshall in *Conolly.* We decline to do today what the Court has refused to do for the past 175 years.")(*citing Conolly v. Taylor,* 27 U.S. 556 (1829)(emphasis added).

## III. CONCLUSION

Reviewing the pleadings at the time the state court action was commenced, and at the time of removal, and resolving all doubt about jurisdiction in favor of remand, the Court finds that because Defendant Landmark's non-diverse co-defendants have not been misjoined with the garnishment claim against Landmark, this Court cannot disregard their citizenships for purposes of determining jurisdiction.  Therefore, because diversity jurisdiction is lacking, this Court does not have jurisdiction under § 1332.  Without subject matter jurisdiction, it is recommended that Plaintiff's Motion to Remand be granted and the entire action be sent back to the Circuit Court of Mobile County, Alabama.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th day of April, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE